**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**



MAID TO PERFECTION GLOBAL, INC.,  *

            Plaintiff,  *

   v.

                  *

MARY BETH ENSOR, PATRICIA L.       Civil Action No. RDB-09-cv-0958
GIESE and MAID IN THE U.S.A., INC.,  *

           Defendants.  *

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## MEMORANDUM OPINION

Plaintiff Maid to Perfection Global, Inc. ("Plaintiff") brings this action against

Defendants Mary Beth Ensor, Patricia L. Giese and Maid in the U.S.A., Inc. ("MUSA") alleging

trademark infringement, unfair competition, breach of contract, unjust enrichment, trade secret

misappropriation and fraud.  Pending before this Court is Defendants Patricia L. Giese's and

Maid in the U.S.A.'s Motion to Dismiss for Insufficient Service of Process (Paper No. 19),

pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure, and Defendant Mary Beth

Ensor's Motion to Dismiss Count Eleven (Fraud) of the Complaint (Paper No. 20), pursuant to

Rule 12(b)(6).  The issues have been fully briefed by the parties and no hearing is necessary.  *See*

Local Rule 105.6 (D. Md. 2008).  For the reasons provided below, Defendants Patricia L.

Giese's and Maid in the U.S.A.'s Motion to Dismiss for Insufficient Service of Process (Paper

No. 19) is DENIED and Defendant Mary Beth Ensor's Motion to Dismiss Count Eleven (Fraud)

of the Complaint (Paper No. 20) is GRANTED.

## BACKGROUND

Plaintiff Maid to Perfection Global, Inc. alleges that Defendants Patricia L. Giese and Mary Beth Ensor[1] entered into franchise agreements with Plaintiff's predecessor, Maid to Perfection Corp., and assigned those agreements to Maid in the U.S.A., Inc.  Compl. ¶¶ 13, 14. Plaintiff further contends that Defendants Giese and Ensor remain personally liable for certain obligations under their franchise agreements – such as maintaining the confidentiality of Plaintiff's proprietary information – which they have violated.  *Id.* ¶¶ 14, 15.  Plaintiff's Complaint alleges trademark infringement (using Plaintiff's logos and marks), unfair competition, breach of contract, unjust enrichment, trade secret misappropriation and fraud. With respect to Plaintiff's fraud claim (Count Eleven), Plaintiff alleges that Defendants defaulted on a purchase agreement to buy a property owned by Plaintiff.  Compl. ¶¶ 32-37.  Plaintiff maintains that Defendants also fraudulently represented themselves to lenders as Maid of Perfection, Inc. in order to make it appear that they owned the property and obtain a loan from Wells Fargo.  *Id.* ¶ 35-37.  Plaintiffs further allege that Defendants fraudulently represented to Plaintiff that they never obtained a loan from Wells Fargo.  Compl. ¶ 38.

## STANDARD OF REVIEW

### I. Rule 12(b)(5)

A motion to dismiss for insufficient service of process is permitted by Federal Rule 12(b)(5).  Once service has been contested, the plaintiff bears the burden of establishing the validity of service pursuant to Rule 4.  *See Norlock v. City of Garland*, 768 F.2d 654, 656 (5th Cir. 1985).  Generally, when service of process gives the defendant actual notice of the pending action, the courts may construe Rule 4 liberally to effectuate service and uphold the jurisdiction of the court. *Karlsson v. Rabinowitz*, 318 F.2d 666, 668 (4th Cir. 1963); *Armco, Inc. v. Penrod-*

---

[1] Defendants Ensor and Giese are relatives and principals of Maid in the U.S.A.  Compl. ¶ 14.

*Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984).  When there is actual notice, failure to strictly comply with Rule 4 may not invalidate the service of process; however, plain requirements for the means of effecting service of process may not be ignored.  *Armco*, 733 F.2d at 1089.

## II. Rule 12(b)(6)

Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  *See* Fed. R. Civ. P. 8(a).  Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted, and therefore a Rule 12(b)(6) motion tests the legal sufficiency of a complaint.

A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action" in order to survive a motion to dismiss.  *Id.* at 555.  Thus, a court considering a motion to dismiss "can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth."  *Ashcroft v. Iqbal*, 129 U.S. 1937, 1950 (2009).  Well-pleaded factual allegations contained in the complaint are assumed to be true "even if [they are] doubtful in fact," but legal conclusions are not entitled to judicial deference.  *See Twombly*, 550 U.S. at 570 (stating that "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation'" (citations omitted)).  Thus, even though Rule 8 "marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."  *Id.* at 1950.

ANALYSIS

I.     **Sufficiency of Service of Process**

Defendants Giese and Maid in the U.S.A., Inc. seek to dismiss the complaint pursuant to Rule 12(b)(5) because they contend that they were not properly served under Rule 4(e) and 4(h) or in accordance with Maryland state law. Under Rule 4(e) a plaintiff may serve process to an individual by delivering a copy of the summons and complaint to the person as well as "pursuant to the law of the state in which the district court is located, or in which service is effected." In Maryland, a plaintiff may serve process on an individual by certified mail with restricted delivery and return receipt stating to whom process is delivered and the date and address of delivery. Maryland Rule 2-121(a). Under Rule 4(h), a plaintiff may serve a corporation in the same way it serves an individual, or by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or by any other agent authorized by appointment or law...." Fed. R. Civ. Pro. 4(h)(1)(B).

Giese and MUSA do not dispute that Plaintiff attempted to personally serve Giese and MUSA on four occasions, left a copy of the summons and complaint at Giese's home and attempted to serve process to both Giese and MUSA through registered, first-class mail. Instead, Giese contends that Plaintiff failed to effectively serve her because she was not served personally and because Plaintiff attempted service by registered mail, not by certified mail with restricted delivery pursuant to Maryland Rule 2-121(a). For its part, MUSA claims that even if Giese was properly served, she was not an officer, director or managing agent of MUSA at the time Plaintiff attempted service, thus service was invalid. In response, Plaintiff contends that both Defendants are merely arguing a "technicality" that does not warrant dismissal since both Giese and MUSA received actual notice of the action.

4

Giese cites *Maryland State Firemen's Association v. Chaves*, 166 F.R.D. 353, 355 (D. Md. 1996) in support of her argument that Plaintiff's attempted service by registered mail was insufficient. In *Chaves*, this Court held that service of process by first class, not certified, mail was invalid, emphasizing the Fourth Circuit's language in *Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984), that "the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored." *Id.* at 1089. However, in *Chaves*, there was a question as to whether the defendant had actually received notice, and the plaintiff had entered a default judgment against the defendant. *Chaves*, 166 F.R.D. at 358. In this case, though Giese and MUSA maintain that they were never served, they do not dispute receiving actual notice, and plaintiff has not sought entry of default judgment. *Maryland Nat'l Bank v. M/V Tanicorp I*, 796 F. Supp. 188, 190 (D. Md. 1992) (finding service of process valid and noting that "[t]o the extent that Defendants maintain that service was improper, they have never denied actually receiving notice."). Furthermore, though *Armco* affirms that the rules as to service of process "may not be ignored," this Court places greater emphasis on *Armco*'s preceding statement that: "When the process gives the defendant actual notice of the pendency of the action, the rules, in general, are entitled to a liberal construction. When there is actual notice, every technical violation of the rule or failure of strict compliance may not invalidate the service of process." *Armco*, 733 F.2d at 1089; *see also Atkins v. Winchester Homes*, 2007 U.S. Dist. LEXIS 5791, at *16 (D. Md. Jan. 17, 2007) ("Here, because defendant had actual notice of the pendency of the action, the rules are entitled to a liberal construction.").

Within two weeks after Plaintiff attempted service of process, Defendants' counsel contacted Plaintiff and negotiated an extension of time to file responsive pleadings, which further indicates that Defendants Giese and MUSA received actual notice of the pending lawsuit. Given

Plaintiff's repeated attempts to serve process and Defendant Giese's and MUSA's actual notice of the summons and complaint, this Court declines to invalidate service of process in this case. Accordingly, Defendants Giese's and MUSA's Motion to Dismiss is denied.

## II.    Failure to State a Claim

Defendant Mary Beth Ensor moves to dismiss Count Eleven, asserting fraud, because that count was not pled with particularity as required by Rule 9(b) and thus fails to state a claim as to her.[2]  Rule 9(b) sets forth a heightened pleading requirement for fraud claims: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." In *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999), the Fourth Circuit clarified that these circumstances must include the identity of the person making the fraudulent misrepresentation. *See also Adams v. NVR Homes, Inc.*, 193 F.R.D. 243, 251 (D. Md. 2000) ("Moreover, where there are multiple defendants, plaintiffs must, where the gravamen of the claim is fraud, allege all claims with particularity as to each of the defendants."); *Wang Laboratories, Inc. v. Burts*, 612 F. Supp. 441 (D. Md. 1984).  Plaintiff's Complaint does not specifically allege which of the Defendants made false representations but instead improperly claims fraud as to all Defendants generally.  Thus, Plaintiff has not met the heightened pleading requirements for fraud cases.  Accordingly, Defendant Ensor's Motion to Dismiss Count Eleven is granted.

## CONCLUSION

For the reasons stated above, Defendants Patricia L. Giese's and Maid in the U.S.A.'s Motion to Dismiss for Insufficient Service of Process (Paper No. 19) is DENIED and Defendant

---

[2] Defendant Ensor initially argued that Count Eleven was deficient because it alleged confusing and inconsistent facts, and because it failed to allege damages, reliance and causation.  Def. Ensor Mot. to Dismiss at 2.  However, Plaintiff filed an amended complaint pursuant to Rule 15(a)(1)(A) that cured these deficiencies.  *See* Am. Compl. (Paper No. 23).

Mary Beth Ensor's Motion to Dismiss Count Eleven (Fraud) of the Complaint (Paper No. 20) is

GRANTED.

     A separate Order follows.


Dated: March 26, 2010                /s/                                   

                                            Richard D. Bennett
                                            United States District Judge